Thomas GESUALDI, Louis Bisignano, Anthony Pirozzi, Dominick Marrocco, Anthony D'aquila, Frank Finkel, Joseph Ferrara, Marc Herbst, Thomas Corbett and Denise Richardson, as Trustees and Fiduciaries of the Local 282 International Brotherhood of Teamsters Welfare, Pension, Annuity, Job Training, and Vacation and Sick Leave Trust Funds, Plaintiffs-Appellees,

v.

QUADROZZI EQUIPMENT LEASING CORP. and Amstel Recycling & Concrete Corp., Defendants-Appellants.

17-135-cv

United States Court of Appeals, Second Circuit.

December 22, 2017

FOR DEFENDANTS-APPELLANTS: ERIC W. BERRY, Berry Law PLLC, New York, NY.

FOR PLAINTIFFS-APPELLEES: TZVI N. MACKSON (with Joseph J. Vitale on the brief), Cohen, Weiss and Simon LLP, New York, NY.

PRESENT: DENNIS JACOBS, GUIDO CALABRESI, DENNY CHIN, Circuit Judges.

### SUMMARY ORDER

This challenge to the denial of a motion to vacate a default judgment entered by the United States District Court for the Eastern District of New York (Dearie, J.), see Fed. R. Civ. P. 60(b)(1), returns to us following a remand that instructed the district court to explain one of its conclusions and to consider certain factors that it did not address. See Gesualdi v. Quadrozzi Equip. Leasing Corp., 629 Fed.Appx. 111 (2d Cir. 2015). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

A court may enter default judgment for a plaintiff only after "determin[ing] [that] the [complaint's] allegations establish [the defendant's] liability as a matter of law." Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009) (citation omitted). And in deciding a motion to vacate a default judgment under Rule 60(b), a court must consider "(1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice." State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 166-67 (2d Cir. 2004).

Our order of remand instructed the district court to "explain its conclusion that the complaint 'established' [the defendants-appellants'] liability." Gesualdi, 629 Fed.Appx. at 113. And, while the district court had found that the defendants-appellants' default was "willful," we instructed the court to "address the merits of [the] defendants' defense [and] the prejudice to [the] plaintiffs [that would result] if the default judgment were vacated." Id. at 113-14.

The district court has now provided the necessary explanation and considered the relevant factors, and it has adhered to its ruling denying the motion for vacatur. We review the court's conclusion as to the sufficiency of the complaint de novo, see Finkel, 577 F.3d at 84, and its ultimate ruling on the Rule 60(b) motion—including its assessment of the three State Street Bank factors—for abuse of discretion, see 374 F.3d at 166.

An independent review of the record and relevant case law confirms that the complaint is sufficient and that the district court acted within its discretion in denying the motion before it for substantially the reasons stated in its careful December 15, 2016 Memorandum and Order. See Gesualdi v. Quadrozzi Equip. Leasing Corp., No. 11-CV-115 RJD/VMS, 2016 WL 7322333 (E.D.N.Y. Dec. 15, 2016).

For the foregoing reasons, we **AFFIRM** the order of the district court.